IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

AARON ALVIN ALLEN,

    Plaintiff,

v.                                      CIVIL CASE NO. 1:11-00609

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,[1]

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation ("PF&R") to the court on February 28, 2013, in which he recommended that the district court affirm the final decision of the Commissioner and dismiss this case from its docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's PF&R.  Plaintiff timely filed his objections to

---

[1] Ms. Carolyn W. Colvin has assumed duty as Acting Commissioner of Social Security, nominally replacing Michael J. Astrue as the Defendant in this matter.

1

Magistrate Judge VanDervort's PF&R on March 11, 2013.  Doc. No. 16.  The Commissioner filed a Response to Plaintiff's objections on March 25, 2013.  Doc. No. 17.  This court has reviewed Plaintiff's objections de novo and has considered the Commissioner's arguments in her response to Plaintiff's objections.

For the following reasons, the court (1) **OVERRULES** Plaintiff's objections, (2) **CONFIRMS** and **ACCEPTS** Magistrate Judge VanDervort's factual and legal analysis, (3) **DENIES** Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 7), (4) **GRANTS** Defendant's Motion for Judgment on the Pleadings (Doc. No. 14), (5) **AFFIRMS** the final decision of the Commissioner, and (6) **DIRECTS** the Clerk to remove this matter from the court's docket.

## DISCUSSION

Plaintiff presents two legal objections to the PF&R, specifically that Magistrate Judge VanDervort erred by finding (1) that the Administrative Law Judge's (ALJ's) duty to contact Dr. Roach was not triggered and (2) that the ALJ properly assessed Plaintiff's mental Residual Functional Capacity (RFC).  Doc. No. 16, at 1 & 4.  Both of Plaintiff's objections have the same basis, namely that the ALJ should have "re-contacted" one of Plaintiff's treating providers (Dr. Roach) or, in the

2

alternative, obtained medical expert opinion prior to making the RFC finding. See id., at 2 & 4.

I. Duty to Recontact

Plaintiff cites Balsamo v. Chater for the proposition that an ALJ cannot arbitrarily substitute the ALJ's own opinion for "competent medical opinion." Balsamo v. Chater, 142 F.3d 75, 91 (2d. Cir. 1998). Additionally, Plaintiff argues that the District of Maryland relied on Balsamo to explain that an ALJ "must specify medical opinion to rebut the opinion of a treating source." Doc. No. 16, at 2 (citing Bloom v. Astrue, 2009 WL 2449877 (D. Md. Aug. 7, 2009)). However, Bloom did not extend Balsamo in any way. Rather, the court in Bloom concluded, despite Balsamo, that the record in Bloom fully supported the ALJ's decision against finding disability. Bloom v. Astrue, CIV. SKG-08-827, 2009 WL 2449877 (D. Md. Aug. 7, 2009).

The salient difference between Balsamo and the instant case is that the ALJ in Balsamo failed to cite any medical opinion to dispute at least three different treating physicians' conclusions that the claimant in that case could not perform any sedentary work. See Balsamo, 142 F.3d at 81 (2d Cir. 1998). Here, the ALJ did not ignore Dr. Roach's conclusions regarding Plaintiff's ability to perform certain types of work. Rather, the ALJ attributed "slight weight" to Dr. Roach's opinion in

3

light of all the other evidence in the record, including evidence from Plaintiff's other treating physicians.

Moreover, neither of the cases discussed above addresses whether an ALJ must re-contact a treating medical source. Rather, several courts have held that an ALJ need not re-contact a treating medical source where the ALJ simply finds a treating source not credible. Hacker v. Barnhart, 459 F.3d 934, 938 (8th Cir. 2006)("The regulations do not require an ALJ to recontact a treating physician whose opinion was inherently contradictory or unreliable."); see Britton v. Astrue, 622 F. Supp. 2d. 771, 776 (D. Minn. 2008). In Hacker, the Eighth Circuit noted that the issue there was not whether the treating sources' opinions were incomplete, but whether the treating sources' opinions were refuted by the record. The latter issue does not trigger an ALJ's duty to re-contact the treating source.

The issue in this case is precisely the same as the issue in Hacker. Here, the ALJ attributed "slight weight" to the opinions contained in Dr. Roach's 2007 letter because those opinions were "inconsistent with the evidence and record as a whole." Tr. 28. The ALJ did not find Dr. Roach's 2007 letter unclear or ambiguous. Indeed, Dr. Roach's 2007 letter was quite specific in its recommendations for Plaintiff's work

4

limitations.[2]  Rather, in light of the entire record, including opinions and evidence provided by Plaintiff's other treating physicians, the ALJ afforded little weight to Dr. Roach's opinions.  Accordingly, the ALJ's duty to re-contact Dr. Roach was not triggered in this case and, similarly, her decision to afford Dr. Roach's opinion "slight weight" was supported by substantial evidence in the record.

II. ALJ's Residual Functional Capacity (RFC) Assessment

Plaintiff argues that the ALJ was "obligated to obtain medical expert opinion [before] making [an RFC] finding."  Doc. No. 16, at 2.  Plaintiff relies solely on Social Security Ruling 83-20 (SSR 83-20) to support this argument.  However, SSR 83-20 in no way supports Plaintiffs argument.

The clear purpose of SSR 83-20 is "[t]o state the policy and describe the relevant evidence to be considered when establishing the onset date of disability."  SSR 83-20, at 1.  In other words, SSR 83-20 outlines what evidence must be considered when determining the time a disability began.

---

[2] Dr. Roach's 2007 letter opined that the Plaintiff should lift no more than 75 pounds and would be suited to a sedentary administrative type job, without deadlines or stress.  See Tr. 258.

5

Accordingly, SSR 83-20 applies only <u>after</u> a claimant has been declared disabled.[3]

Here, the ALJ concluded at step five of the sequential evaluation that Plaintiff was <u>not</u> disabled, precluding SSR 83-20's relevance. Certainly, had the ALJ concluded that Plaintiff were disabled, SSR 83-20's strictures might have required more record development on the part of the ALJ. However, the aim of SSR 83-20 is to develop facts that help to pin down the onset of disability, not whether a claimant is disabled in the first instance.

Accordingly, Plaintiff's assertion that SSR 83-20 requires the ALJ to obtain medical expert opinion before making an RFC finding is unfounded. Moreover, Plaintiff provides no other authority to support his broader assertion that medical expert opinion, outside medical opinion already in the record, is required before an ALJ may make an RFC finding. In fact, in his objections to Magistrate Judge VanDervort's PF&R, Plaintiff fails to mention that the ALJ's RFC finding was more generous to Plaintiff than even Dr. Roach's work restrictions from the 2007

---

[3] The onset of disability is relevant, for example, to determine whether a disabled claimant is entitled to pro rata Social Security payments.

6

letter.[4]  Accordingly, the ALJ's RFC finding is supported by substantial evidence on the record.

## CONCLUSION

Accordingly, the court (1) **OVERRULES** Plaintiff's objections, (2) **CONFIRMS** and **ACCEPTS** Magistrate Judge VanDervort's factual and legal analysis, (3) **DENIES** Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 7), (4) **GRANTS** Defendant's Motion for Judgment on the Pleadings (Doc. No. 14), (5) **AFFIRMS** the final decision of the Commissioner, and (6) **DIRECTS** the Clerk to remove this matter from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 28th day of March, 2013.

                      **ENTER:**

                      David A. Faber
                      Senior United States District Judge

---

[4] For example, the ALJ's RFC finding stated that the Plaintiff retained the RFC to lift up to 20 pounds, whereas Dr. Roach's 2007 letter stated Plaintiff could lift up to 75 pounds.